UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES CALVIN RODGERS FERGUSON                                              PLAINTIFF

v.                                                         CIVIL ACTION NO. 3:10CV-496-S

LOUISVILLE METRO POLICE DEPARTMENT *et al.*                              DEFENDANTS

**MEMORANDUM OPINION**

**I.**

Plaintiff James Calvin Rodgers Ferguson filed a *pro se* civil action pursuant to 42 U.S.C. § 1983 against the Louisville Metro Police Department, the Sheriff's Department, and the "Public Defender Advocacy." He broadly claims that he has been harassed and sexually and physically assaulted and has had personal property stolen, all by "arressting officers" since 2007. He reports that on July 9, 2010, he went to Northern Hospital to consult with financial aid personnel. While using the restroom, several white security officers "rustled" him out of the restroom for talking to a white female "in a gentlemen's manor"; arrested him; and charged him with disorderly conduct. He reports being released from custody on July 14, 2010. As relief, he seeks monetary and punitive damages and expungement of all of his charges since 2007.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). Under § 1915(e)(2), this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Upon preliminary review of Plaintiff's complaint and for the reasons that follow, the Court will dismiss the action.

**II.**

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. *Louisville Metro Police Department and Sheriff's Department*

The Louisville Metro Police Department and the Sheriff's Department are not "persons" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir.1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). The municipality is the proper defendant – in this case, Louisville Metro Government.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

Plaintiff broadly alleges that he has been harassed and/or assaulted by unidentified officers on unspecified dates and under unspecified circumstances and more particularly alleges

being "rustled" and arrested by hospital security guards[1] in July 2010.  A municipality, however, "cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy."  *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).  "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit."  *Alkire*, 330 F.3d at 815 (quoting *Monell*, 436 U.S. at 690-91).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body

---

[1] It is unclear whether the hospital security guards are employees of the municipality, but for the purpose of initial review, the Court will presume that they are.

3

under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not alleged that officers acted pursuant to a county policy or custom in causing his alleged harm, and nothing in the complaint demonstrates that any officer's action occurred as a result of a policy or custom implemented or endorsed by the Louisville Metro Government. Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim.

### B. *"Public Defender Advocacy"*

While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendant with "fair notice of the basis of [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Plaintiff alleges no facts involving the "Public Defender Advocacy" and, therefore, does not give that Defendant fair notice of his claims against it and the grounds upon which they rest. Further, it is firmly established that a defense attorney, regardless of whether he is a public defender or private attorney, is not a state actor for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

Accordingly, the claims against the "Public Defender Advocacy" must be dismissed for failure to state a claim upon which relief may be granted.

For all of the foregoing reasons, the complaint must be dismissed.

4

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
4411.005